IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRELL TAYLOR, #305527, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-03019-JPG |
| | ) |
| A. HAYNES, | ) |
| J. DAVIS, | ) |
| K. HUNTER, | ) |
| C/O FOSSE, | ) |
| A. BANDY, | ) |
| CHAD HAVERS, | ) |
| and D. PINKERTON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Terrell Taylor, an inmate at Williamson County Jail ("Jail"), brings this civil rights action *pro se* pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971).[1] In the Complaint, Plaintiff alleges that he was assaulted by Jail staff on May 12-13, 2023, and he fears future staff assaults. (Doc. 1, pp. 1-15). He brings claims against the defendants for their use of excessive force, their failure to stop its use, and their denial of medical care. Plaintiff seeks monetary, declaratory, and injunctive relief.[2] *Id*.

---

[1] *Bivens* provides a private cause of action for constitutional torts against federal officials. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Section 1983 imposes tort liability on state actors and local officials for violations of federal rights, even when those claims are raised by federal detainees who are held in local jails. 42 U.S.C. § 1983. Because Plaintiff sues Williamson County Jail officials, the Court will analyze the Complaint under 42 U.S.C. § 1983. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).

[2] Plaintiff seeks a preliminary and permanent injunction requiring the Defendants to cease their use of physical force and threats of force against him. (Doc. 1, p. 7).

1

Because he claims to be in imminent danger of serious physical injury,[3] the Court will screen this matter immediately. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations in the *pro se* Complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009).

### The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 6, 8-15):  On or around May 12, 2023, Officer Haynes "bash[ed] Plaintiff's head to the floor and punch[ed] him in the face" repeatedly. *Id*. at 6. At the time, Plaintiff was not acting disruptively or breaking any rules; he simply refused to hand over his socks to the officer. *Id*. at 8. Officer Haynes responded by grabbing Plaintiff at the elbows, shaking him, and placing him in a chokehold. When Plaintiff attempted to free himself from the officer's hold, Officer Haynes "tripped over his own feet" and fell to the floor. *Id*.

---

[3] In his Motion for Leave to Proceed *in forma pauperis*, Plaintiff indicates that he faces imminent danger of serious physical injury, which is the standard applicable to inmates seeking leave to proceed IFP when they previously "struck out" by filing three or more prisoner civil suits that were dismissed for one of the reasons set forth under 28 U.S.C. § 1915(g). However, Plaintiff does not disclose any "strikes" incurred under 28 U.S.C. § 1915(g), and the Court has no record of his "struck out" status. Plaintiff may have checked this box to explain why he commenced this action *before* filing a grievance to address his concerns at the Jail. If so, Plaintiff should consider whether he has filed this suit before satisfying the Prison Litigation Reform Act, 42 U.S.C. § 1997e, which requires a prisoner to exhaust all available administrative remedies against each defendant *before* bringing suit. Plaintiff should be aware that the PLRA imposes a strict exhaustion requirement, and failure to exhaust available remedies provides grounds for dismissal of a plaintiff's claims at the summary judgment stage.

Plaintiff kneeled on the floor, placed his hands in the air, and said "I'm not resisting. I'm not resisting." *Id*. Chief Hunter and Officers Bandy, Pinkerton, Havers, and Fosse came to the scene, just as Officer Haynes placed Plaintiff in handcuffs and restraints. As the others stood watching, Officer Haynes began hitting and punching Plaintiff's head and face as he lay on his stomach in handcuffs. Chief Hunter and Officers Fosse, Bandy, Havers, and Pinkerton failed to intervene or stop the assault. *Id*.

Plaintiff cried as blood pooled around him. He begged the officers for medical attention and waited "quite a while" before being taken to the hospital for treatment. *Id*. at 10. X-rays revealed a broken nose. He received stitches near his left eye. *Id*.

When he returned to the Jail, Plaintiff was stripped of all clothing and placed in a suicide smock. He was forced to sit in a restraint chair for the next 24 hours. At some point on May 13, 2023, he was allowed to walk around for a few minutes. As he did so, Plaintiff reported severe chest pains that he associated with exposure to cold temperatures. Officer Davis ignored his complaints and forced him back into the chair by pummeling him repeatedly in the thigh. *Id*.

On and after May 12-13, 2023, Officer Davis and others denied Plaintiff meals that are consistent with his religious practice and medical dietary requirements (*i.e.*, food allergies). Consequently, Plaintiff has "starve[d] for numerous days." *Id*. at 10.

Plaintiff alleges that the actions of Defendants caused him to suffer unnecessary injuries, pain, and fear. He asserts that Officer Haynes continues to use excessive force against him for no reason, but he cites no particular incidents that have occurred since May 12, 2023. *Id*. at 6-10.

## Discussion

Turning to the allegations, the Court deems it necessary and appropriate to organize the *pro se* Complaint into the following enumerated counts:

| | |
|---|---|
| **Count 1:** | Haynes used excessive force against Plaintiff by hitting him in the head and face on or around May 12, 2023, in violation of the Fourteenth or Eighth Amendment. |
| **Count 2:** | Hunter, Fosse, Bandy, Havers, and Pinkerton failed to intervene and stop Haynes from using excessive force against Plaintiff on or around May 12, 2023, in violation of the Fourteenth or Eighth Amendment. |
| **Count 3:** | Haynes, Hunter, Fosse, Bandy, Havers, and Pinkerton unnecessarily delayed Plaintiff's medical treatment for injuries he sustained in Haynes' assault on or around May 12, 2023, in violation of the Fourteenth or Eighth Amendment. |
| **Count 4:** | Davis placed Plaintiff in a restraint chair, pummeled him in the thigh, and ignored his complaints of chest pain and exposure to cold temperatures for 24 hours on or around May 12-13, 2023, in violation of the Fourteenth or Eighth Amendment. |
| **Count 5**: | Davis denied Plaintiff meals that complied with his dietary restrictions for 24 hours or more beginning May 12-13, 2023, in violation of the Fourteenth or Eighth Amendment. |
| **Count 6:** | Officers and other staff members denied Plaintiff meals that complied with his dietary restrictions on and after May 12, 2023, in violation of the Fourteenth or Eighth Amendment. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[4]

The applicable legal standard for these claims depends on Plaintiff's status as a pretrial detainee or a convicted person on May 12-13, 2023, when the events giving rise to this action occurred.  To state a claim under the Fourteenth Amendment, a pretrial detainee must generally set forth allegations suggesting that each defendant acted purposefully, knowingly, or perhaps even

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

recklessly in response to conditions posing an excessive risk to his health or safety and the defendant's actions were objectively unreasonable.  *See Kingsley v. Henderson*, 576 U.S. 389 (2015) (Fourteenth Amendment excessive force claim); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (Fourteenth Amendment medical care claim); *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019) (Fourteenth Amendment conditions of confinement claim).  If he was a convicted prisoner, these claims are instead governed by the Eighth Amendment prohibition against cruel and unusual punishment.  To state a claim under the Eighth Amendment, a prisoner must satisfy an objective and subjective standard by setting forth allegations suggesting that each defendant acted with deliberate indifference to an excessive risk to his health or safety.  *See Lewis v. Downey*, 581 F.3d 467 (7th Cir. 2009) (Eighth Amendment excessive force claim); *Estelle v. Gamble*, 429 U.S. 97 (1976) (Eighth Amendment medical care claim); *Farmer v. Brennan*, 511 U.S. 825 (1994) (Eighth Amendment conditions of confinement claim).

The allegations satisfy both standards for the excessive force claim against Haynes (Count 1), failure to protect claim against Hunter, Fosse, Bandy, Havers, and Pinkerton (Count 2), denial of medical care claim against Haynes, Hunter, Fosse, Bandy, Havers, and Pinkerton (Count 3), unlawful restraint/excessive force claim against Davis (Count 4), and denial of adequate nutrition claim against Davis (Count 5).  Counts 1 through 5 shall receive further review against these defendants, and the applicable legal standard can be determined during discovery.

Count 6 must be dismissed under both standards.  Plaintiff's reference to "officers" and "staff members" is too vague to support a claim against the named defendants.  It is not clear which, if any, defendants denied Plaintiff adequate nutrition.  Accordingly, Count 6 shall be dismissed without prejudice for failure to state a claim against the defendants.

### Motion for Recruitment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. Plaintiff discloses no efforts to contact an attorney or law firm about representation in this matter. He must first attempt to find his own attorney before asking the Court for help. Moreover, this case just survived screening under 28 U.S.C. § 1915A, and Defendants' answers are not yet due. Given the early stage of litigation, it is difficult to accurately evaluate the need for assistance of counsel, so the recruitment of counsel would be premature. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged."). If Plaintiff encounters difficulties in self-representation as this case proceeds, he may file a new motion seeking recruitment of counsel. If he chooses to renew his request, Plaintiff should submit rejection letters from at least three attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, and the following claims are subject to further review:

- **COUNT 1** against **HAYNES**;
- **COUNT 2** against **HUNTER, FOSSE, BANDY, HAVERS,** and **PINKERTON**;
- **COUNT 3** against **HAYNES, HUNTER, FOSSE, BANDY, HAVERS,** and **PINKERTON**; and
- **COUNTS 4** and **5** against **DAVIS**.

**IT IS ORDERED** that all other claims and defendants are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. This includes **COUNT 6** against **ALL DEFENDANTS**.

**Because one or more claims arise from the denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

The Clerk's Office is **DIRECTED** to separately docket a "Motion for Preliminary Injunction" based on Plaintiff's request for this relief in the Complaint. (Doc. 1, p. 7). Plaintiff may file a motion in support of this request for relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. In the motion, he should state exactly what relief he seeks during the pending action and set forth each of the facts that support his request for this relief. Failure to file a motion within 14 days (on or before **SEPTEMBER 25, 2023**) shall result in dismissal of the pending motion without prejudice. Chief Hunter shall be named in his official capacity for purposes of implementing any injunctive relief ordered herein.

With regard to **COUNTS 1, 2, 3, 4,** and **5**, the Clerk of Court shall prepare for **ALL DEFENDANTS**, in their individual capacities, and Chief Hunter, in his official capacity as well: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 9/11/2023                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.